932 F.2d 970
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph VALENTE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2356.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Valente, a pro se federal prisoner, appeals the district court's order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Valente in October 1987 of one count of conspiracy to possess cocaine with intent to distribute and of one count of possession with intent to distribute cocaine and aiding and abetting the same. He was sentenced on December 17, 1987 to two consecutive prison terms of ten years. Valente and his codefendants appealed their convictions; Valente's issue on appeal concerned insufficient evidence to convict. The Sixth Circuit affirmed the convictions of Valente and his codefendant Ingrao but reversed the conviction of codefendant Helen Neuman. Ingrao v. United States, Case Nos. 88-1025, 88-1046, 88-1047 (6th Cir. July 25, 1989) (per curiam).
 
 
 3
 In his motion to vacate, Valente alleged that his trial counsel was ineffective in two ways: (1) counsel failed to object to a jury instruction that the jury could find Helen Neuman the intermediary in the charged conspiracy when no such evidence existed, and (2) counsel failed to request a multiple conspiracy instruction or a specific unanimity instruction.
 
 
 4
 The magistrate, in a report filed September 26, 1990 recommended that Valente's motion be denied. He found that Valente's first allegation was simply untrue because the trial court did not instruct the jury as Valente claimed, and that the Sixth Circuit's opinion affirming his conviction while reversing Neuman's impliedly rejected his second allegation. Valente filed objections to the magistrate's report and also submitted a motion to amend his Sec. 2255 motion. The district court found Valente's objections to be without merit and concluded that Valente had failed to show that his trial counsel's performance fell below an objective standard of reasonable professional assistance. The district court, therefore, denied Valente's motion to vacate in an order filed November 6, 1990. The court granted the motion to amend but denied Valente's motion for reconsideration in an order entered November 30, 1990.
 
 
 5
 On appeal, Valente asserts that the district court misconstrued his motion as a sufficiency of the evidence claim rather than an ineffective assistance of counsel claim. He continues to argue the merits of his claim on appeal. In addition, he argues that the district court failed to accept his factual allegations as true, yet held no evidentiary hearing. Valente has filed a motion for oral argument by conference call.
 
 
 6
 Upon consideration, we affirm the district court's order because Valente has not shown that his counsel's performance was deficient or that the allegedly deficient performance prejudiced his defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Contrary to Valente's assertion, the district court did consider his motion under this standard.
 
 
 7
 Moreover, although Valente argues on appeal that the district court should have granted him an evidentiary hearing, the record does not warrant a hearing. An evidentiary hearing need not be conducted on a Sec. 2255 motion if the files and records of the case conclusively show that the petitioner is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 8
 Accordingly, the motion for oral argument is denied and the district court's order denying Valente's motion to vacate under Sec. 2255 is hereby affirmed for the reasons stated by the district court. Rule 9(b)(5), Rules of the Sixth Circuit.